United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM ADAMS,<br>　　　　Plaintiff,<br>　　v.<br>JEFFERSON UNION HIGH SCHOOL DISTRICT,<br>　　　　Defendant. | Case No. 19-cv-05609-PJH<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 6 |

Defendant Jefferson Union High School District's (named in the complaint as "Board of Trustees of the Jefferson Union High School District") motion to dismiss came on for hearing before this court on December 4, 2020. Plaintiff Tim Adams appeared through his counsel, Stanley Apps. Defendant appeared through its counsel, Alexi Offill-Klein. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

Plaintiff Tim Adams is a tenured teacher at Terra Nova Nova High School and a former coach of the school's varsity football team. This lawsuit arises out of his removal as the high school football coach. Plaintiff pleads three causes of action against defendant Board of Trustees of the Jefferson Union High School District: (1) Retaliation for protected speech in violation of 42 U.S.C. § 1983; (2) Deprivation of due process rights in violation of 42 U.S.C. § 1983; and (3) Unpaid wages in violation of California Labor Code § 204.2. See First Amended Complaint ("FAC"), Dkt. 1-2.

///

**DISCUSSION**

**A. Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

**B. Analysis**

Defendant moves to dismiss each cause of action.

**1. First and Second Causes of Action, Asserted Under 42 U.S.C. § 1983**

Plaintiff's first and second causes of action allege violations of 42 U.S.C. § 1983. That statute provides that "Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

1 subjects, or causes to be subjected, any citizen of the United States or other person
2 within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities
3 secured by the Constitution and laws, shall be liable to the party injured in an action at
4 law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C.A. § 1983
5 (emphasis added). "[A] State is not a person within the meaning of § 1983," although "a
6 municipality" is. Will v. Michigan Dep't of State Police, 491 U.S. 58, 62, 64 (1989). More
7 specifically, "local government units which are not considered part of the State for
8 Eleventh Amendment purposes" are persons under § 1983, but "States or governmental
9 entities that are considered 'arms of the State' for Eleventh Amendment purposes" are
10 not. Id. at 70; accord Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir.
11 1991). The same rule generally applies, with some exception, to suits against individuals
12 in their official capacities, because "a suit against a state official in his or her official
13 capacity is not a suit against the official but rather is a suit against the official's office."
14 Will, 491 U.S. at 71.

School districts in California are "arms of the State" for Eleventh Amendment purposes, and are therefore not "persons" within the meaning of § 1983. See, e.g., Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 251 (9th Cir. 1992) (school district "is a state agency for purposes of the Eleventh Amendment . . . . because a judgment against the school district would be satisfied out of state funds. Moreover, under California law, the school district is a state agency that performs central governmental functions."); Kirchmann v. Lake Elsinore Unified Sch. Dist., 83 Cal. App. 4th 1098, 1115 (2000) ("In view of the extensive control of the state over the fiscal affairs and political status of school districts, the Ninth Circuit in Belanger correctly determined a California school district should be considered an arm of the state for purposes of the Eleventh Amendment."); C.W. v. Capistrano Unified Sch. Dist., 784 F.3d 1237, 1247 (9th Cir. 2015) ("It is well-established that a school district cannot be sued for damages under § 1983."); Doe v. Petaluma City Sch. Dist., 830 F. Supp. 1560, 1577 (N.D. Cal. 1993) ("California school districts are arms of the state for purposes of Eleventh Amendment

3

United States District Court
Northern District of California

1 immunity and are therefore immune from liability under section 1983."); Bratton v. Bd. of

2 Educ. of Emery Unified Sch. Dist., Case No. 92-cv-4510-FMS, 1997 WL 797943, at *2

3 (N.D. Cal. Dec. 16, 1997) ("California school districts are considered 'arms of the State.'

4 The California Department of Education, the Emery Unified School District, and the

5 School Board are therefore immune from suit under section 1983.") (citation omitted).

6 In the face of this unambiguous precedent, plaintiff argues that he filed suit against

7 individual members of the board of trustees, not the board itself. Accordingly, he argues

8 that his claims under § 1983 should be construed as claims against the individual

9 members of the Board of Trustees in their official capacities (to the extent the claims seek

10 prospective, injunctive relief). He also argues that his claims against board members in

11 their individual capacities are permissible under § 1983.

12 Plaintiff's arguments suffer from the fatal flaw that his complaint names the "Board

13 of Trustees of the Jefferson Union High School District" as the sole "Defendant." See

14 FAC at p. 1. The operative complaint goes on to define the "Board," referred to in the

15 singular as "Defendant," as "a local government entity organized and existing under the

16 laws of the State of California." Id. ¶ 3. Plaintiff alleges that the Board "is the responsible

17 legal entity in regard to . . . claims against Terra Nova High School[.]" Id. No individual

18 board member is named as a defendant or identified anywhere in the complaint. In fact,

19 there is no plausible way to read any claim in the amended complaint as alleged against

20 any individual at all, in any capacity. The complaint is clearly alleged exclusively against

21 a body called the "Board of Trustees," which plaintiff identifies as a discrete "legal entity."

22 Accordingly, plaintiff's first and second causes of action, asserted under 42 U.S.C.

23 § 1983, are DISMISSED WITH LEAVE TO AMEND. At the hearing, plaintiff indicated

24 that he could amend his complaint to name two individuals as defendants in their

25 individual capacities, or in their official capacities to the extent the claims seek

26 prospective injunctive relief. Plaintiff may make such amendments on or before

27 December 20, 2019.

28 / / /

4

**2. Third Cause of Action, Asserted Under California Labor Code § 204.2**

Plaintiff's third cause of action seeks unpaid wages pursuant to California Labor Code § 204.2. See FAC at p. 17. That statute provides:

> Salaries of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act of 1938, as amended through March 1, 1969, (Title 29, Section 213(a)(1), United States Code) in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads, **earned for labor performed in excess of 40 hours in a calendar week** are due and payable on or before the 26th day of the calendar month immediately following the month in which such labor was performed. **However, when such employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements will apply to the covered employees.**

Cal. Lab. Code § 204.2 (emphasis added).

Plaintiff fails to state a cause of action under that statute for three reasons. First, the statute only concerns pay "earned for labor performed in excess of 40 hours in a calendar week[.]" Id. Yet, plaintiff has not alleged that he worked over 40 hours in any given week. Cf. FAC ¶¶ 11, 102, 109 (allegations regarding time worked, with no indication of how many hours were worked in any given week). Therefore, his complaint fails to plead a claim upon which relief can be granted.

Second, the statute specifies that it does not apply to "employees [who] are covered by a collective bargaining agreement that provides different pay arrangements[.]" Cal. Lab. Code § 204.2. Here, the parties agree that plaintiff's employment is governed by a collective bargaining agreement. See Contract Between Jefferson Union High School District and the American Federation of Teachers Local 1481, AFL-CIO, Dkt. 7-1 (the "CBA"). Section 204.2 requires payment for certain work "on or before the 26th day of the calendar month immediately following the month in which such labor was performed," but the CBA governing plaintiff's employment explicitly provides "different pay arrangements." Cal. Lab. Code § 204.2. For example, the CBA provides:

> Teachers shall receive their monthly paycheck on the last working day of the month unless superseded by the County Office of Education pay date schedule, but no later than the last

5

> calendar day of the month. The district shall publish a calendar of pay dates on the district website at the beginning of the fiscal year.
>
> . . . .
>
> A teacher may elect to receive his/her salary in either ten (10) or twelve (12) monthly payments. Teachers who elect twelve (12) monthly payments understand that under current law all payroll deductions must be made over ten (10) months. Whichever option teachers are now under will remain in effect unless otherwise requested in writing by August 15.

CBA at pp. 61 & 63.

Accordingly, Section 204.2 does not apply to plaintiff, and he cannot assert a claim under it given the facts he has pled. The statute's inapplicability cannot be cured by amendment of the complaint.

Third, plaintiff's § 204.2 claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA"). In order to assess LMRA preemption, the court first inquires "into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007) (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 212 (1985)). Second, if "the right exists independently of the CBA, we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.' If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." Id. at 1059–60 (citations omitted).

At the first step, plaintiff appears to concede that his § 204.2 claim seeks to enforce a right conferred upon him by the CBA. He argues:

> In this instance, Adams' claim is based on the substantive requirement of the applicable Collective Bargaining Agreement at Article XIX: Salary subsection D(1), stating that payment for work performed during the Zero Period before the school day commences must be paid at a pro rata hourly pay rate of 1/6 of FTE (full time equivalent) pay. [Cite to CBA at p. 61]. This straightforward pay rate [in the CBA] requires no interpretation; it merely establishes a substantive right to receive one-sixth of Plaintiff's daily pay, in addition to his regular salary, for each Zero Period in which Plaintiff taught the weight training class. Adams seeks to enforce his substantive right to pay for the Zero Period weight training class through Labor Code § 204.2, because the additional pay he was entitled to for teaching

during the Zero Period was never paid to him[.]

Opp. at 9 (citation omitted).

Even if plaintiff's § 204.2 cause of action only involved a right conferred upon him by virtue of state law—and not by a CBA—his claim would be preempted under the second step of the Burnside analysis because it requires analysis of the CBA.

Section 204.2 applies only to pay "earned for labor performed in excess of 40 hours in a calendar week," so plaintiff's claim would require the court to calculate what, if any, pay plaintiff is due specifically for the time he worked beyond 40 hours in each week. Cal. Lab. Code § 204.2.

The CBA's terms govern plaintiff's pay rate, regardless of how many hours he worked in a week. Under a section entitled "Hourly Pay Rate," the CBA provides that "0 periods shall be pro rata (1/6 FTE)." CBA at 61. So, in order to calculate the pay owed to plaintiff for any week he worked more than 40 hours that included "0 periods," the court would have to determine how many "0 periods" plaintiff worked in such a week, and multiply that number by 1/6 of his "FTE" wage rate. But the CBA provides no indication as to what a "0 period" is. The court can identify no way to determine, based on a mere look to the language of the CBA, whether the weight training classes plaintiff allegedly taught qualify as "0 periods." Such a determination would require the court to construe the term "0 period" as used in the agreement. For that reason, determining the amount of pay owed for time worked beyond 40 hours in a week would require analysis of the CBA, and cannot be accomplished merely by looking to it.[1] As such, plaintiff's § 204.2 claim is preempted by the LMRA at the second Burnside step, and plaintiff would not be able to alter that result by amending his complaint.

**CONCLUSION**

For the foregoing reasons, plaintiff's first and second causes of action are

---

[1] This analysis assumes that the court could identify or calculate plaintiff's FTE rate by merely looking to the appendices to the CBA, although plaintiff has not offered any guidance on the feasibility of even that more basic endeavor.

7

DISMISSED WITH LEAVE TO AMEND.  His third cause of action is DISMISSED WITH PREJUDICE, as amendment would be futile.  Plaintiff may file an amended complaint, consistent with this order, on or before December 20, 2019.

**IT IS SO ORDERED.**

Dated:  December 12, 2019

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge